```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MD SHAHIN, on behalf of himself and all        :
others similarly situated,                     :
                                               :
                              Plaintiff,       :        SUMMARY ORDER
        -against-                              :        19-cv-02070 (DLI)(PK)
                                               :
CLIENT SERVICES, INC., and                     :
CSI INTERCO, LLC                               :
                              Defendants.      :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On April 9, 2019, MD Shahin, on behalf of himself and all others similarly situated, ("Plaintiff") filed the instant action against Client Services, Inc. and CSI Interco, LLC ("Defendants"), raising four causes of action, each of which alleges violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. *See*, Complaint ("Compl."), Dkt. Entry No. 3. Before the Court is Defendants' motion to dismiss the complaint on the ground that Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion to dismiss is granted.

## BACKGROUND

On April 9, 2018, Plaintiff received a debt collection letter from Defendants. Compl. ¶ 7. Defendants, who are debt collectors, acquired Plaintiff's debt of $10,536.94 from Bank of America. *Id.* ¶ 9. The debt collection letter included the following itemization:

> The total amount of the debt due as of charge-off: $10,536.94
> The total amount of interest accrued since charge-off: $0.00
> The total amount of non-interest charges or fees accrued since charge-off: $0.00
> The total amount of payments and credits made on the debt since charge-off: $0.00
> Current Balance: $10,536.94

*Id.*, Ex. A. Plaintiff alleges the debt collection letter was misleading when it used the phrase, "current balance," and, thus, violates § 1692e and § 1692g of the FDCPA. Compl. ¶¶ 25, 28, 30, 32.

## DISCUSSION

### I. Legal Standard

#### A. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). *Iqbal* requires more than "a formulaic recitation of the elements of a cause of action." *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555) (citations and internal quotation marks omitted). Where a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). On a motion to dismiss, the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. New York Cardiothoracic Grp., PLLC*, F.3d 471, 475 (2d Cir. 2009) (citations and internal quotation marks omitted).

#### B. The Least Sophisticated Consumed Standard under the FDCPA

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). In particular, § 1692e of the FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the

collection of any debt." 15 U.S.C. § 1692e. In analyzing whether a debt collection letter violates Section 1692e, two principles are to be considered. *Taylor v. Fin. Recovery Servs., Inc.,* 886 F.3d 212, 213 (2d Cir. 2018) (citing *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2008)). First, the "FDCPA should be liberally construed because it is a consumer-protection statute." *Meintzinger v. Sortis Holdings, Inc.*, 2019 WL 1471338 at *2 (E.D.N.Y. Apr. 3, 2019). Second, "collection notices are to be looked at from the perspective of the least sophisticated consumer." *Taylor*, 886 F.3d at 214 (citing *Avila*, 817 F.3d at 75) (internal quotation marks omitted).

The least sophisticated consumer perspective is an objective standard. *See, Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012). This standard "ensure[s] that the statute protects the gullible as well as the shrewd," but "carefully preserve[s] the concept of reasonableness," and "protects debt collectors from unreasonable constructions of their communications." *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318-20 (2d Cir. 1993)). Thus, it "does not extend to every bizarre or idiosyncratic interpretation of a collection notice." *Clomon*, 988 F.2d at 1319.

**II. Analysis**

The issue before the Court is whether the "current balance" language used in the debt collection letter would confuse the "least sophisticated consumer" when no actual interest or late fee had accrued. Plaintiff claims that it does, but the Court is not persuaded. The Second Circuit has held that, "if a collection notice correctly states a consumer's balance . . . and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of debt under Section 1692g." *Taylor*, 886 F.3d at 215.

As an initial matter, there was no interest or other fees accruing on the debt and the debt collection letter "clearly explained that no interest or fees had accrued . . . and stated the balance owed." *See*, Def.'s Mem. of Law ("Def.'s Mem."), Dkt. Entry No. 11 at 4. The debt collection letter stated the following: "[t]he total amount of interest accrued since charge-off: $0.00" and "[t]he total amount of non-interest charges or fees accrued since charge-off: $0.00." Compl., Ex. A. In fact, Plaintiff concedes that "the creditor was not accruing interest, late charges, and/or other charges on the 'Current Balance' of $10,536.94." Compl. ¶ 25. Moreover, both "the total amount of debt due as of charge-off" and "current balance" are listed with the same amount, $10,536.94. *See*, Compl., Ex. A. Accordingly, the Court finds that the debt collection letter was not confusing to the least sophisticated consumer. *See*, *McAdams v. Stoneleigh Recovery Assocs., LLC*, 2018 WL 7982269 at *4 (E.D.N.Y. Sep. 27, 2018) (finding that the least sophisticated consumer cannot reasonably construe that the "debts at issue may (or will) accrue interest or late fees, particularly when the collection letters also state that no interest and fees have accrued since charge-off.").

Even if Plaintiff were to construe "current balance" to indicate that there were fees accruing on the remaining debt, "the only harm . . . a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later." *Taylor* 886 F.3d at 214. Such harm "falls short of the obvious danger facing consumers" in asserting a claim under the FDCPA. *Id.* Accordingly, the Complaint fails to plead sufficient allegations of fact to state a claim for which relief can be granted, and the claims brought under § 1692e and § 1692g are dismissed. *See*, *Taylor*, 886 F.3d at 215 ("[R]ead[ing] Sections 1692e and 1692g in harmony").

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is granted, and the Complaint is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       March 30, 2020

>                           /s/
>                    DORA L. IRIZARRY
>                    U.S. District Judge